UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

*1539
no related
m/IFP*

DAVID FRANCO , pro se Plaintiff,

v.

Amazon.com, Inc., and Amazon.com Services LLC, Defendants.

RECEIVED

APR - 3 2026

CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

Case No.: *2:26-CV-563*

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

I. PARTIES

1. Plaintiff DAVID FRANCO, proceeding pro se, is an adult individual residing in Fayette County, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania. Plaintiff brings this action based on personal knowledge, documented transactions, and direct injuries suffered as a result of Defendant's conduct.

1

2. Defendant Amazon.com, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Seattle, Washington. Defendant conducts extensive and continuous business operations throughout the United States, including within this judicial district.

3. Defendant Amazon.com Services LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Seattle, Washington. This entity operates and manages the e-commerce platform, fulfillment systems, payment processing, and account infrastructure used by Plaintiff.

4. At all relevant times, Defendants acted jointly and in concert with one another in carrying out the conduct described herein. Their actions are interrelated and collectively form the basis of the claims asserted in this Complaint.

II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of Pennsylvania, while Defendants are citizens of Delaware and Washington. Upon information, research, and belief, none of the members of Amazon.com Services LLC are citizens of Pennsylvania.

2

6. The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff specifically alleges damages exceeding $1,000,000 based on cumulative  physical harm, personal injury, emotional distress, financial losses, and other consequences.

7. Venue is proper under 28 U.S.C. §1391 because a substantial portion of the events and omissions giving rise to these claims occurred in this district. Plaintiff's purchases, injuries, and interactions with Defendants all took place within this jurisdiction.

III. FACTUAL ALLEGATIONS

8. Over a period exceeding six years, Plaintiff purchased numerous consumer products through Defendants' platform. These purchases were made in reliance on the expectation that products distributed through a major retailer would meet reasonable safety standards.

9. Multiple products arrived with strong odors, residues, or fumes consistent with chemical contamination. These conditions were present immediately upon opening and during ordinary handling of the products.

10. Plaintiff was exposed to these substances through normal use without any misuse or abnormal conduct. The exposure occurred in routine circumstances that an ordinary consumer would consider safe.

3

11. Plaintiff experienced irritation, nausea, discomfort, and other adverse physical symptoms following such exposures. These symptoms were consistent with chemical exposure and occurred repeatedly over time.

12. These incidents were not isolated but occurred across multiple purchases and product types. The repeated nature of these exposures created cumulative health concerns and emotional distress.

13. Plaintiff maintains detailed records of all purchases, product labels and conditions, and resulting effects. These records include numerous: emails, order histories, photos, and full documentation that can be produced and exhibited during discovery.

14. Defendants exercise control over fulfillment, storage, packaging, and shipping of products. Despite this control, Defendants failed to implement adequate safeguards to prevent distribution of contaminated or unsafe goods.

15. Plaintiff purchased 'zongle' brand tea tree oil through Defendants' platform. The product was marketed in a manner representing that it was safe to ingest.

16. Plaintiff reasonably relied on this representation when deciding to use the product. Such reliance was justified because the labeling implied safety for consumption.

17. Plaintiff ingested an amount of the product. Shortly thereafter, Plaintiff experienced severe nausea and vomiting.

18. Tea tree oil is widely known to be toxic when ingested. Defendants knew or should have known of this risk and failed to act accordingly.

4

19. Defendants allowed the product listing to remain active and continued to profit from its sale. Defendants failed to correct or remove the misleading representation.

20. Plaintiff purchased a chemical antiseptic product through Defendants' platform in 2024. The product was packaged without adequate spill protection.

21. During normal use, the product spilled due to its inadequate packaging. Plaintiff was exposed directly to the chemical contents.

22. Plaintiff suffered serious injury requiring emergency medical evaluation. The product was in an unreasonably dangerous condition at the time of distribution.

23. Plaintiff also returned electronic items through Defendants' authorized return system with proper approval. Defendants accepted the returned items and took possession of them.

24. After acceptance, Defendants imposed new and undisclosed conditions requiring government-issued identification. This requirement was not disclosed at the time of purchase or return authorization.

25. Plaintiff refused the demand as an unconscionable post-transaction condition. Under pressure, Plaintiff attempted compliance but Defendants' system failed to process the identification properly.

26. Defendants refused alternative verification methods despite being informed of the system failure. Plaintiff was unable to reverse the return process.

27. Defendants refused to issue a refund and also refused to return the property. As a result,

5

Defendants retained both the items and the corresponding funds.

28. Defendants imposed mandatory two-factor authentication on Plaintiff's account. The system relied on an inaccessible and outdated phone number.

29. Plaintiff was locked out of the account while attempting to access essential medication via the connected pharmacy portal. Defendants failed to provide any effective recovery method.

30. Plaintiff required necessary medication during this period. Plaintiff was unable to obtain medication for approximately three weeks.

31. Customer support failed to resolve the issue despite repeated attempts. The system created a circular situation requiring two-factor verification in order to solve the missing two-factor authorization problem, with no available resolution path.

32. Plaintiff attempted to use prepaid gift cards as a payment method. Defendants required verification conditions incompatible with such cards.

33. Prepaid cards do not contain identifying information such as cardholder names. This created an impossible condition for transaction approval.

34. These incidents demonstrate systemic failures in Defendant's authentication and payment-processing systems, which appear incapable of properly distinguishing between prepaid payment cards and conventional bank credit cards, and which arbitrarily deny consumers access to services.

6

35. Transactions were declined and accounts were flagged or restricted. Defendants rendered a valid payment method unusable while flagging them as 'suspicious'.

36. Defendants advertise "free returns" on non-returnable items. Then Amazon issued contradictory instructions that require obtaining a return authorization to refund said non-returnable items , creating an impossible circular situation.

37. Shipping carriers can lose packages or fail to scan them properly. Plaintiff experienced multiple instances where returned packages were not properly processed.

38. Defendant provides "free returns" only through UPS.

39. Defendant's policy requires that the consumer use UPS for all returns to qualify for refund.

40. UPS, like all shipping services, can make errors, including failing to scan packages, misrouting shipments, or losing packages entirely.

41. Plaintiff properly returned products using UPS in accordance with Defendant's instructions.

42. On multiple occasions, UPS lost Plaintiff's packages or failed to scan deliveries.

43. Defendant refused to acknowledge that the packages were sent, and refused to refund Plaintiff's money or return the lost property.

44. Defendant's rigid policy shifts the risk of lost packages entirely to consumers, effectively converting Plaintiff's property and funds when UPS makes an error.

45. Defendant was aware that relying solely on one carrier creates foreseeable risk of loss, yet Defendant did not implement reasonable safeguards or alternative return options.

7

46. Defendant's conduct demonstrates reckless indifference.

47. Defendants refused to acknowledge shipment and denied refunds in such cases. This shifted the entire risk of loss onto Plaintiff.

48. As a result, Plaintiff lost both property and funds. Defendants failed to implement safeguards despite foreseeable risk.

49. Plaintiff submitted truthful negative reviews regarding products and experiences. Defendants removed the reviews and restricted Plaintiff's ability to post further reviews.

50. Defendants provided vague explanations without specific justification. This conduct distorts product information and misleads consumers.

51. Plaintiff now experiences anxiety when using online purchasing systems, because Plaintiff cannot reliably determine product safety prior to exposure.

52. Plaintiff fears account restriction, and inability to access essential services. These concerns have materially affected Plaintiff's behavior and daily activities.

A-to-Z Guarantee Failure

53. Plaintiff submitted claims with documentation.

54. Amazon failed to conduct meaningful review and denied claims without proper full investigation.

55. Amazon issued inconsistent communications. After several months, despite offering proof, the claim was denied.

56. This constitutes negligent undertaking.

Defective "Used – Like New" Items

57. Defendants sold various items labeled "Used – Like New."

58. Plaintiff received defective or broken products, labeled "Used – Like New." For example , one such product was a large heavy massage chair, and unreasonably difficult to return.

59. Defendants failed to adequately inspect such items prior to sale.

60. Plaintiff received defective products represented as "like new," creating an undue burden, hassle, and distress.

61. Products such as pesticides and industrial lubricants are legally required to carry warnings, due to known risks.

62. Plaintiff was exposed to similar chemical residues on numerous prducts sold or fulfilled by Amazon, without any warning.

63. Symptoms experienced are consistent with exposure to hazardous substances.

64. Many chemical products such as pesticides and industrial lubricants like 'wd-40' carry warning labels due to known health risks. These types of chemicals residues are often routinely on products Amazon sells or fulfills.

65. Pesticides are widely recognized as hazardous substances.

66. Plaintiff was repeatedly exposed to chemical residues of this nature, on unrelated products such as tools, without any warning.

67. These exposures occurred prior to any opportunity to avoid contact.

68. The resulting symptoms are consistent with exposure to hazardous chemical substances.

69. Unlike labeled products, Plaintiff had no notice of risk.

70. The repeated exposure created cumulative harm.

71. Amazon failed to prevent distribution of such product with toxic residues.

Emotional Distress

72. Plaintiff now experiences fear for safety when ordering products online.

73. Plaintiff cannot determine safety prior to exposure.

74. Amazon failed to prevent distribution of contaminated products.

10

75. Plaintiff now experiences anxiety, fear of product safety, product dangers, product contamination, and reluctance to use any online shopping or ordering.

76. Plaintiff's behavior and daily activities have been affected.

77. These effects are directly tied to prior experiences with Amazon.

N. Lack of Assent to Terms

78. Plaintiff did not knowingly agree to Amazon's terms of service.

79. Passive use does not constitute valid assent.

LEGAL SUPPORT / AUTHORITY

Strict Products Liability – Amazon as Distributor or Seller

Oberdorf v. Amazon.com, Inc., 930 F.3d 136, 150–152 (3d Cir. 2019)

Bolger v. Amazon.com, LLC, 53 Cal. App. 5th 431, 447–448 (2020)

Negligence / Duty of Care

In re Sodium Nitrite Litigation, Wash. Sup. Ct., Feb. 19, 2026

U.S. Consumer Product Safety Commission, Decision & Order, July 30, 2024

Deceptive Safety Representations / Consumer Protection

11

15 U.S.C. § 45(a), Federal Trade Commission Act

Terms of Service / Unconscionability / Consent

Nicosia v. Amazon.com, Inc., No. 15-CV-1758, 2016 WL 5763351, at *9 (D. Del. 2016)

Nguyen v. Barnes & Noble, Inc., 763 F.3d 1171 (9th Cir. 2014)

Specht v. Netscape Communications Corp., 306 F.3d 17 (2d Cir. 2002

Independent Conduct:

80. Claims arise from Amazon's own conduct including fulfillment, returns, account control, and payment systems.

81. Claims are not based solely on third-party content.

82. Amazon is not entitled to immunity under 47 U.S.C. §230.

Damages:

83. Plaintiff suffered physical injury, economic loss, and emotional distress.

84. Damages include medical costs, property loss, out-of-pocket expenses, inability to access medication, and psychological harm.

85. These damages were directly caused by Amazon.

12

Defendant Amazon.com, Inc., has sold, fulfilled, or otherwise distributed products capable of causing chemical exposure, toxicity, or injury, without adequate testing or warning. The specific products, dates of sale, and transactions will be identified through discovery. Plaintiff suffered harm, including irritation, chemical exposure, and physical injury, as a result of Defendant's failure to ensure the safety of these products. Plaintiff reserves the right to supplement and amend this complaint to identify specific products and transactions as discovery proceeds. Defendant Amazon.com, Inc., has sold, fulfilled, and otherwise distributed products that are toxic or unsafe when ingested or applied, while providing misleading assurances of safety. For example, in 2025 Plaintiff purchased a 'zongle' brand product, explicitly labeled 'Zongle Tea Tree Oil – Safe to Ingest' and experienced severe nausea, vomiting, and other serious symptoms upon ingestion.

The conduct described above forms part of the broader pattern of misconduct alleged in this Complaint, including but not limited to:unsafe product distribution, deceptive or inaccurate product labeling on safety, and improper denial of refunds.

IV. CAUSES OF ACTION

COUNT 1 – NEGLIGENCE

86. Amazon owed a duty of reasonable care.

87. Amazon breached that duty.

13

88. Plaintiff suffered damages as a result.

COUNT 2 – STRICT LIABILITY

89. Amazon participated in product distribution.

90. Products were defective and unreasonably dangerous.

COUNT 3 – FAILURE TO WARN

91. Amazon failed to warn of known risks.

COUNT 4 – CONVERSION

92. Amazon wrongfully retained Plaintiff's property and funds.

COUNT 5 – UTPCPL

93. Amazon engaged in deceptive conduct.

94. Plaintiff suffered ascertainable loss.

95. Amazon's conduct caused Plaintiff's loss.

96. Amazon's actions violate 73 P.S. § 201-3.

COUNT 6 – NEGLIGENT UNDERTAKING

97. Amazon undertook consumer protections and performed them negligently.

COUNT 7 – SERVICE INTERFERENCE

14

98. Amazon interfered with account and pharmacy access.

COUNT 8 – EMOTIONAL DISTRESS

99. Amazon acted with conscious disregard for safety.

COUNT 9 – RECKLESSNESS

100. Plaintiff suffered emotional distress

V. DAMAGES

101. Plaintiff seeks compensatory damages exceeding $1,000,000. These damages reflect cumulative physical harm, emotional distress, and financial loss.

102. Plaintiff seeks punitive damages exceeding $1,000,000 based on Defendant's reckless and intentional conduct. Such damages are necessary to deter similar behavior in the future.

103. Plaintiff seeks restitution of all wrongfully retained funds and property. This includes amounts lost due to denied refunds and retained items.

VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable. This demand is made pursuant to applicable federal procedural rules.

15

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award compensatory damages;

C. Award punitive damages;

D. Award costs and any additional relief the Court deems just and proper.

Respectfully submitted on Date: 3-30-26 ,

David Franco ,Plaintiff, Pro Se  , 551 5th ave, brownsville pa 15417

*David Franco*

16